IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD H. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case Number CIV-05-446-C |
| ) | |
| JO ANNE BARNHART, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 14, 2006, United States Magistrate Judge Gary Purcell issued his Report and Recommendation (R&R) in this action in which Plaintiff seeks review of the denial of his application for disability insurance benefits. Judge Purcell recommended the Commissioner's decision be affirmed. Plaintiff's objection to the R&R was timely filed on April 3, 2006, and the Court reviews the matter *de novo*.

Plaintiff's objections to the R&R are that: 1) the Magistrate Judge erred in finding the ALJ's step four analysis to be legally sufficient; 2) the Magistrate Judge erred in finding that the ALJ's legal error in relying on vocational expert (VE) testimony which conflicted with the U.S. Department of Labor's Dictionary of Occupational Titles (DOT) without obtaining a reasonable explanation for such conflict was harmless error and/or that the VE's testimony did not conflict with the DOT; and 3) the Magistrate Judge erred in concluding that Plaintiff did not question the residual functional capacity (RFC) finding made by the ALJ.

As for the first alleged error, Plaintiff argues that Judge Purcell erred in finding that the ALJ's RFC determination was sufficient, when the ALJ failed to conduct a function-by-function comparison of Plaintiff's RFC and his past relevant work. The Court disagrees. As Judge Purcell noted, Plaintiff's testimony at the hearing recited the exertional and nonexertional requirements of Plaintiff's previous jobs. Further, in addition to his testimony on the topics, the VE prepared a written report which set out the requirements of the previous jobs. In his decision, the ALJ then took judicial notice of the DOT listings for those jobs and compared the DOT requirements with Plaintiff's RFC, and the ALJ found Plaintiff could return to his past relevant work. Thus, although he may not have spelled it out in the manner preferred by Plaintiff, the ALJ performed the necessary comparison.

In his second claim of error, Plaintiff asserts the ALJ improperly relied on VE testimony which conflicted with the DOT without obtaining an explanation of the discrepancy. According to Plaintiff, the ALJ's finding is properly read as establishing that he is unable to perform any job which required him to utilize near or far acuity to any significant degree. Plaintiff argues that when the VE testified about available jobs, the VE did not consider the impact of Plaintiff's visual abilities when considering the DOT's job requirements. Thus, Plaintiff argues the ALJ erred in failing to require the VE to reconcile his testimony with the DOT.

As Judge Purcell noted, the VE's testimony and the other evidence offered at the hearing regarding the limitations on Plaintiff's vision is not in conflict with the visual acuity requirements set out in the DOT listing for the jobs in question. Recognizing the evidence

supports the ALJ's finding in this regard, Plaintiff argues that Defendant did not raise the issue in its briefing and that Judge Purcell is applying a harmless error analysis which the Tenth Circuit has held should be used only in exceptional circumstances.

Plaintiff's argument misstates Judge Purcell's analysis. Judge Purcell correctly noted that a conflict with the DOT existed as to one of Plaintiff's previous jobs. Judge Purcell correctly found no conflict with between the DOT listings for the other two jobs and the evidence offered regarding Plaintiff's visual acuity. Thus, Judge Purcell was not applying the harmless error doctrine as argued by Plaintiff, but merely noting that the ALJ's reliance on the warehouse worker position to resolve the step four issue was not a fatal error. Because there were two other jobs which established Plaintiff was not disabled, the ALJ's reliance on the warehouse worker position was in error but was a meaningless error.

Finally, Plaintiff disputes Judge Purcell's conclusion that he does not challenge the ALJ's RFC determination. Plaintiff argues that in his opening brief he made clear that the ALJ's determinations regarding his lifting, standing, walking, bending, and/or stooping were not supported by substantial evidence.

The Court agrees that Judge Purcell failed to address Plaintiff's challenge to the ALJ's RFC determination. Nevertheless, the Court finds Plaintiff's argument without merit. "To find that the Secretary's decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir. 1988) (citing Frey v. Bowen, 816 F.2d 508, 512 (10th Cir. 1987)). Here, after review of the record,

it is clear that the ALJ's findings regarding Plaintiff's ability to perform medium work is supported by substantial evidence.

Accordingly, the Court ADOPTS the Report and Recommendation issued by the Magistrate Judge on March 14, 2006, in its entirety, and AFFIRMS the decision of the Commissioner. A judgment shall issue accordingly.

IT IS SO ORDERED this 12th day of June, 2006.

ROBIN J. CAUTHRON
United States District Judge